UNITED STATES DISTRICT COURT
Western District of Texas
San Antonio Division

| | | |
|---|---|---|
| ALEXANDER CHAVEZ, on behalf of himself and all others similarly situated<br>*Plaintiff*<br><br>vs.<br><br>INTEGRAS CAPITAL RECOVERY LLC<br><br>&<br><br>MICHAEL J. ADAMS, P.C.<br>*Defendants.* | § § § § § § § § § § § § § § § | CASE NUMBER: 21-cv-198<br><br><br><br>**DEMAND FOR JURY TRIAL** |

## ORIGINAL COMPLAINT

1. Plaintiff, Alexander Chavez, for himself and all others similarly situated, sues for claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Chapter 392, to obtain statutory damages, injunctive relief, costs and a reasonable attorney's fee for the Defendants' violations of the FDCPA and the TDCA.

1

## VENUE

2. Venue is proper in the United States District Court for the Western District of Texas, San Antonio Division, because the acts and transactions occurred in this district and because the Defendants transact business in this district.

## THE PARTIES

3. Plaintiff Alexander Chavez ("**Chavez**") is a natural person.

4. Defendant Integras Capital Recovery LLC ("**Integras**"), may be served by serving its registered agent at:

>MICHAEL J. ADAMS
>3201 CHERRY RIDGE, STE. B205
>SAN ANTONIO, TX 78230

5. Defendant Michael J. Adams, P.C. ("**MJA**") may be served by serving its registered agent at:

>MICHAEL J. ADAMS
>3201 CHERRY RIDGE, STE. B205
>SAN ANTONIO, TX 78230

## FACTUAL ALLEGATIONS

6. Integras sued Chavez to collect a debt allegedly owed.

7. Integras was represented by MJA.

8.  The lawsuit was filed in Travis County Justice of the Peace, Precinct 4, as case # J2-CV-20-2925 and styled *Integras Capital Recovery LLC v. Alexander Chavez.*

9.  The lawsuit was for a breach-of-contract claim.

10. Chavez never had a contract with Integras.

11. The suit was for the collection of a debt assigned from an original creditor to Integras.

12. Chavez incurred the debt to the original creditor for a loan to buy his way out of a timeshare.

13. The lawsuit failed to identify the original creditor.

14. The alleged debt is a "debt" as that term is defined by § 1692a(5) of the FDCPA.

15. The alleged debt is a "consumer debt" as that term is defined by § 392.001(2) of the TDCA.

16. Chavez is a "consumer" as that term is defined by § 1692a(3) of the FDCPA.

17. Chavez is a "consumer" as that term is defined by § 392.001(1) of the TDCA.

18. Integras is a "debt collector" as defined by § 1692a(6) of the FDCPA.

19. Integras is a "third-party debt collector" as defined by § 392.001(7) of the TDCA.

20. MJA is a "debt collector" as defined by § 392.001(6) of the TDCA.

## CLASS ALLEGATIONS

21. Plaintiff seeks to certify a class of those natural persons sued by Defendants with a petition not including the name of the original creditor.

22. The identities of all class members are readily ascertainable from the record of Defendants.

23. This action has been brought and may be properly maintained, as a class action under Fed. R. Civ. P. 23, because there is a well-defined community of interest in the litigation that:

> a. Numerosity. The Plaintiff is informed and believes, and on that basis alleges, that the Class defined above are so numerous that joinder of all members would be impractical.
>
> b. Commonality. Commons questions of law and fact exist as to all members of the Class.
>
> c. Typicality. The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the class have claims arising out of Defendants' common uniform course of conduct as alleged.

   d. Adequacy. The Plaintiff will fairly and adequately protect the interest of the class members insofar as Plaintiff has no interests averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits and complex legal issues. Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the class action lawsuit.

24. Plaintiff expects to seek certification of the Class under Fed. R. Civ. P. 23(b)(1) because:

   a. The questions of law and fact common to members of the class appear to predominate over questions affecting an individual member; and

   b. A class action would be superior to other methods for the fair and efficient adjudication of the controversy because individual joinder of all members would be impracticable, class action treatment would permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender, and important public interest would be served by addressing the matter as a class action, substantial expenses to the litigations and to the judicial system will be realized, and difficulties are unlikely in the management of a class action.

## **CAUSE OF ACTION–FAIR DEBT COLLECTION PRACTICES ACT**

25. Integras' failure to identify the original creditor in the state court lawsuit violated § 1692e of the FDCPA.

## CAUSE OF ACTION–TEXAS DEBT COLLECTION ACT

26. Integras' and MJA's failure to identify the original creditor in the state court lawsuit filed § 392.304(a)(8) of the TDCA.

## REQUEST FOR RELIEF

27. Plaintiff requests this Court award him:

    a. Statutory damages;

    b. Injunctive relief;

    c. Costs; and

    d. A reasonable attorney's fee.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully Submitted,
By: s/Tyler Hickle
Plaintiff's Attorney

Tyler Hickle, SBN 24069916
**Law Office of Tyler Hickle, PLLC**
4005C Banister Lane, Ste. 120
Austin, TX 78704
Tel: (512) 289-3831 Fax: (512) 870-9505
tyler@hicklepllc.com